ELIZA M. PHILLIPS v. ZELORA. PHILLIPS ET AL.

*Estates of deceased persons—Distribution—Rights of widow—*
*Waiver of provision in will.*

A widow who would have taken one-third of the net estate of her husband under the statute of distributions (How. Stat. § 5847), if he had died intestate, elected to waive the provision made for her in his will, and to take under How. Stat. § 5824, which gives to the widow, in such a case, one-third of the net estate, until the sum shall amount to $5,000, and, in addition, one-sixth of the residue of the estate. And it is held that the residue of the estate was properly arrived at by deducting from the net estate, $32,369.57, the sum of $15,000, one-third of which passed to the widow under the first provision of section 5824, leaving as such residue the sum of $17,369.57, of which the widow was entitled to one-sixth, or $2,894.93.

Error to Lenawee. (Lane, J.) Argued April 15, 1892. Decided April 22, 1892.

Appeal of Eliza M. Phillips from order of circuit court affirming order of distribution of probate court. Affirmed. The facts are stated in the opinion.

*John Whitbeck,* for appellant.

*Norman Geddes,* for appellants.

MORSE, C. J. Upon the allowance of the final account of the administrator with the will annexed of John Phillips, deceased, the probate court of Lenawee county found that property in his hands, amounting to $32,-369.57, should be distributed as follows: The sum of $7,894.93 to testator's widow, Eliza M. Phillips, who had refused the bequest by the will made to her, and had elected to take under the statute; and the remainder,

$24,474.64, to the testator's children and grandchildren,
—one-sixth thereof ($4,079.11) to each of five children,
and one-twelfth thereof ($2,039.55) to each of two children
of testator's deceased daughter; and a final order of dis-
tribution, so assigning the estate, was thereupon entered.
The widow, claiming that under the statute she was
entitled to a larger sum than the probate court assigned
to her, appealed to the circuit court, and, that court
having affirmed the decree of the probate court, she
brings error.

The decision of this case is dependent upon the con-
struction of the first subdivision of section 1 of an act
entitled "An act to restrict the. disposition of personal
property by last will," approved March 10, 1881 (How.
Stat. § 5824), which reads:

"SECTION 1. That all dispositions of personal property
by last will and testament shall be subject to the follow-
ing limitations and restrictions:

"*First.* If the testator shall leave surviving him a wife,
the testamentary disposition shall be subject to the
election of such wife to take any interest that may be
given to her by the testator in his last will and testa-
ment, or. in lieu thereof, to take the sum or share that
would have passed to her under the statute of distribu-
tions had the testator died intestate, until the sum shall
amount to five thousand dollars, and of the residue of
the estate one-half the sum or share that would have
passed to her under the statute of distributions had the
testator died intestate; and, in case no provision be made
for her in said will, she shall be entitled to the election
aforesaid."

Under the statute of distributions (How. Stat. § 5847),
of the net estate of an intestate (using the words "net
estate" to specify the whole personal estate remaining
after disposing of chattels specifically appropriated by
statute, and the payment of debts, costs, allowances,

expenses of administration, etc., for distribution among heirs or distributees) there passes to his widow—

1. One-third, if the intestate leaves children or their issue.

2. One-half, if he leaves but one child, or its issue.

3. All the first $1,000 and one-half the excess, if he leaves no issue, but does leave father, mother, brother, or sister, or issue of brother or sister.

4. The whole, if he leaves no child, father, mother, brother, or sister, or issue thereof.

The probate judge gave the widow first one-third of $15,000, which sum made the $5,000 provided by the statute. Deducting the $15,000 from $32,369.57, left a residue of $17,369.57. Of this sum he gave the widow one-sixth, to wit, $2,894.93. This, added to the $5,000, made her total portion $7,894.93. This was a correct interpretation of the statute.

It was claimed by the widow that the "residue of the estate" mentioned in this statute was the whole sum to be distributed, the residue remaining after the debts, expenses of administration, and special legacies were paid,—in this case the sum of $32,369.57; that the $5,000 should be deducted from this sum, leaving $27,369.57, of which she should have one-sixth, to wit, $4,561.59; making a total of $9,561.59. There is no warrant in the statute for this contention. It is too plain for argument.

It will be certified to the circuit and probate courts of Lenawee county that the order of the probate court is affirmed, with costs against the appellant.

McGRATH, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.