KIRKPATRICK *v.* NOLAN.

Descent and Distribution—Widow's Election to Take Against Husband's Will—Personalty.

On widow's appeal from order of distribution of personal estate of testator who was survived by second wife and children of his first wife so as to allow widow, who had elected to take against her husband's will, a third interest of first $15,000 and a sixth of excess thereof, order is affirmed as in accordance with the well-established law (3 Comp. Laws 1929, §§ 15564, 15726).

Appeal from Wayne; Smith (Frank Day), J. Submitted January 5, 1940. (Docket No. 88, Calendar No. 40,882.) Decided April 1, 1940.

In the matter of the estate of Littleton Kirkpatrick, deceased. Doris B. Kirkpatrick, widow, appealed to the circuit court from the order of the probate court ordering distribution of the estate. From order of circuit court, Doris B. Kirkpatrick appeals. Affirmed.

*J. H. M. Alexander,* for plaintiff.

*Belanger, Wood, Jacquemain & Werner (Ellis C. Wood,* of counsel), for defendant.

Bushnell, C. J. Appellant is the second wife of deceased, who left surviving children by his first marriage, there being no issue of the second marriage. She appeals from an amended order of the circuit court of Wayne county, based upon 3 Comp. Laws 1929, §§ 15564, 15726 (Stat. Ann. §§ 27.2664,

27.2891), which have to do with the share of the personalty in a testate estate which passes to a widow who elects to take against her husband's will. This order provides that the widow shall receive, under her election, the residue of her deceased husband's testate personalty as follows:

"One-third ($\frac{1}{3}$) part thereof until the same shall amount to $5,000, by virtue of her aforesaid election in accordance with the statute in such case made and provided, and to Myrtice M. Nolan, legatee, a two-thirds ($\frac{2}{3}$) part thereof in said personal property until the sum shall amount to $10,000, in accordance with the provisions of the will. And that any residue in personal property in excess of $15,000 be assigned to Doris B. Kirkpatrick, widow of said deceased, a one-sixth ($\frac{1}{6}$) part thereof, and to Myrtice M. Nolan, five-sixths ($\frac{5}{6}$) parts thereof. * * *."

Appellant urges that, because "the Supreme Court of the United States, of its own initiative and without petition or argument on the point by the parties litigant, disapproved a 96-year old doctrine that had been previously invoked, approved, and followed by that court and lower courts since its decision of *Swift* v. *Tyson,* 16 Pet. (41 U. S.) 1, in 1842," we should, on the strength of the reasoning in *Erie Railroad Co.* v. *Tompkins,* 304 U. S. 64 (58 Sup. Ct. 817, 114 A. L. R. 1487 [1938]), set aside this order.

The order entered is in accordance with the well-established law stated in *Phillips* v. *Phillips,* 91 Mich. 433 (1892). See, also, *In re Estate of Pulling,* 93 Mich. 274. The amended order is affirmed, with costs to appellee.

SHARPE, POTTER, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.