## In re KIRKPATRICK'S ESTATE.
### KIRKPATRICK v. NOLAN.

DESCENT AND DISTRIBUTION—WIDOW'S ELECTION—PERSONAL PROPERTY.

> When the widow of a testator elects to take under the statute rather than will, her election entitles her to take one-third of the personalty until her share amounts to $5,000 and thereafter one-sixth of the residue where testator also left four children by a former marriage surviving him (3 Comp. Laws 1929, §§ 15564, 15726).

Appeal from Wayne; Dehnke (Herman), J., presiding. Submitted June 3, 1942. (Docket No. 18, Calendar No. 41,470.) Decided July 1, 1942. Rehearing denied September 8, 1942.

In the matter of the estate of Littleton Kirkpatrick, deceased. Petition by Doris B. Kirkpatrick for authority to institute suit on the surety bond of executrix Myrtice M. Nolan. Executrix Nolan and the Fidelity & Deposit Company of Maryland objected thereto. From denial of petition, petitioner appealed to circuit court. Judgment for objectors. Petitioner appeals. Affirmed.

*J. H. M. Alexander,* for petitioner.

*Belanger, Wood, Jacquemain & Werner,* for objectors.

North, J. Plaintiff is the widow of Littleton Kirkpatrick, deceased. She and four children by a former marriage survive him. He made no provision in his will for his widow or any immediate member of his family; but instead made Myrtice M. Nolan his sole beneficiary. Plaintiff elected to take under the statute of distributions. 3 Comp. Laws 1929, § 15564 (Stat. Ann. § 27.2664). As the probate proceedings progressed it developed that the executrix, Myrtice M. Nolan, had on hand $1,572.86 belonging to the estate. Plaintiff, claiming she has preferred rights in the estate in consequence of her election to take under the statute to the extent of $5,000, demanded payment to her of all of the personalty in the estate, *i. e.,* $1,572.86. The executrix did not comply with this demand. But she did tender to plaintiff one-third of the personality belonging to the estate. This tender was declined by plaintiff, and she thereupon petitioned the probate court for authority to institute suit against the executrix and her surety to compel payment to plaintiff of the full amount of the $1,572.86 held by the executrix. See Act No. 228, chap. 4, § 19, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289–4 [19], Stat. Ann. 1941 Cum. Supp. § 27.3178 [269] *et seq.*). The probate court denied the prayer of this petition. Upon appeal to the circuit court the order of the probate court was affirmed, and plaintiff has appealed.

Plaintiff's contention is indicated by the following in her brief:

"When the widow elected to take under the election statute the effect was to prevent the legatee

from receiving any part of the estate until after the widow's shares of the first five thousand dollars and one-half of one-third amounting to one-sixth of the 'personal residue' are to her paid. In the final analysis the legatee may take under the will only after the widow's election shares are paid."

This contention of appellant cannot be sustained. It is contrary to the Michigan statute and to our former decisions. When a widow elects to take under the statute her election entitles her "to take the sum or share that would have passed to her, under the statute of distributions, had the testator died intestate, until the sum shall amount to five thousand dollars, and of the residue of the estate one-half the sum or share that would have passed to her under the statute of distributions, had the testator died intestate, and in case no provision be made for her in said will, shall be entitled to the election aforesaid." 3 Comp. Laws 1929, § 15564 (Stat. Ann. § 27.2664). See Act No. 288, chap. 2, § 69, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289-2 [69], Stat. Ann. 1941 Cum. Supp. § 27.3178 [139]). From the foregoing it appears that upon making her election the widow as to the first $5,000 takes "the sum or share that would have passed to her, under the statute of distributions, had the testator died intestate." The pertinent portion of the statute controlling the share the widow takes in the intestate estate of her deceased husband reads as follows:

"The residue (after debts, allowance for family maintenance, et cetera), if any, of the personal estate shall be distributed as follows: One-third thereof to the widow of the deceased, and the remaining two-thirds to his children, or the issue of any deceased child or children, if any there be, by right of representation, except that if there be but one child, or the issue of such child living, then to

the widow one-half of such residue and to such child, or the issue thereof, the other half." 3 Comp. Laws 1929, § 15726 (Stat. Ann. § 27.2891). See Act No. 288, chap. 2, § 93, subd. 4, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289–2 (93), Stat. Ann. 1941 Cum. Supp. § 27.3178 [163]).

Appellant was before this Court in the recent case of *Kirkpatrick* v. *Nolan*, 293 Mich. 42; and we therein decided adversely to her contention the same question presented by this appeal. It seems unnecessary to duplicate decision herein. See, also, *Phillips* v. *Phillips*, 91 Mich. 433.

Dismissal of plaintiff's petition in the circuit court is affirmed. Costs to appellees.

CHANDLER, C. J., and BOYLES, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.